with the duly certified representative of its employees. The Company's conceded refusal to bargain with the Union and its increase in wages and wage rates for overtime work without notice or consultation with the Union are based solely on the contentions that the Board's certification of the Union was improper. The Company also strongly urges that it was denied due process of law by the Board's denial of an evidentiary hearing on its objections to the conduct of the election and its request for review.

Based upon a determination by us that the Board's findings as to violations of Sections 8(a) (5) and (1) of the Act are supported by substantial evidence, and upon our further conclusion that the Board correctly found that the request for review raised "no substantial issues warranting review", we direct that the Board's order be

Enforced.

John B. Culbertson, Greenville, S. C., on the brief for appellant.

William D. Ruckelshaus, Asst. Atty. Gen., Joseph O. Rogers, Jr., U. S. Atty., Kathryn H. Baldwin and Robert M. Feinson, Washington, D. C., on the brief for appellees.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

In this appeal we find oral argument unnecessary and summarily affirm the judgment of the district court. The Secretary's finding that the claimant was not the widow of the deceased, and, therefore, not entitled to Social Security Widows' benefits, is amply supported by the record.[1] Cain v. Secretary, 377 F.2d 55 (4 Cir. 1967).

Affirmed.

**Bernice R. SMITH, Appellant,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, and Lena M. Smith, Appellees.**

**No. 14167.**

United States Court of Appeals, Fourth Circuit.

May 19, 1970.

[1.] Although it would appear that the finding that the adverse party Lena Smith is the widow of Melvin Smith is equally well supported, that issue is not before us. Since the claimant must establish her own eligibility for benefits, it is irrelevant whether she can show, on grounds independent of those on which she claims eligibility, the ineligibility of another party.